UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ENRIQUE RODRIGUEZ, INDIVIDUALLY ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED | NO. 21 C 2553 |
| Plaintiff, | Judge Thomas M. Durkin |
| v. | |
| FORD MOTOR COMPANY, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

This putative class action involves an alleged defect in the trunk wiring of the 2015 Ford Mustang that causes a malfunction of the rear-view camera. Pending before the Court is Ford's motion to stay discovery, R. 20. That motion is granted.

## Analysis

The filing of a motion to dismiss does not automatically stay discovery. *See SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1998). But the Court has broad discretion in managing discovery. See Fed. R. Civ. P. 26; *James v. Hyatt Regency Chi.*, 707 F.3d 775, 784 (7th Cir. 2013). In determining whether to grant a stay, "the court may consider the following factors: (1) 'whether a stay will unduly prejudice or tactically disadvantage the non-moving party,' (2) 'whether a stay will simplify the issues in question and streamline the trial,' and (3) 'whether a stay will reduce the burden of litigation on the parties and on the court." *Sadler v. Retail Properties*, 2013 WL 12333447, at *1 (N.D. Ill. Sept. 27, 2013) (collecting cases). A

stay is often appropriate where "the motion to dismiss can resolve a threshold issue … or where … discovery may be especially burdensome and costly to the parties." *DSM Desotech Inc. v. 3D Sys. Corp.*, 2008 WL 4812440, at *2 (N.D. Ill. Oct. 28, 2008).

## I.  Prejudice to Rodriguez

There will be no prejudice to Rodriguez if a stay is imposed. First, the Court can discount "[t]he general prejudice of having to wait for resolution." *Medline Industries, Inc. v. C.R. Bard, Inc.*, 2019 WL 10948865, at *2 (N.D. Ill. Sept. 10, 2019) (citing *Sorensen v. Black & Decker Corp.*, 2007 WL 2696590, at *5 (S.D. Cal. Sept. 10, 2007) ("The general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay.")). Rodriguez has not identified any witnesses or documents that will be lost or no longer discoverable if discovery is stayed, and the general prejudice of waiting for the Court to rule on the motion to dismiss, which it plans to do expeditiously, is not a reason to deny the stay.[1]

Further, Rodriguez seeks no immediate injunctive relief. Though he alleges a "highly dangerous defect" in the car's wiring, he does not allege any physical injuries have come of it which may necessitate immediate discovery. Nor does he even allege he has stopped driving his vehicle. The Court does not agree with Rodriguez that there is an "imminent health threat" present in this case.

---

[1] Rodriguez also faces no prejudice because Ford, now on notice of the claims against it and the scope of discovery Rodriguez intends to seek, has an obligation to preserve evidence material to the litigation. See Fed. R. Civ. P. 37. *See also Kucala Enterprises, Ltd. V. Auto Wax Co., Inc.*, 2003 WL 21230605, at *4-5 (N.D. Ill. May 27, 2003) (citing *China Ocean Shipping Co. v. Simone Metals, Inc.*, 1999 WL 966443, at *2-3) (N.D. Ill. Sept. 30, 1999)).

## II.     Simplifying the Issues

Rodriguez argues that Ford has not shown, specifically, how staying discovery would simplify the case. However, and without taking any position as to the merits of Ford's arguments for dismissal, the fact that the issues raised could potentially be dispositive weighs in favor of staying discovery. *Bilal v. Wolf*, 2007 WL 1687253, at *1 (N.D. Ill. June 6, 2007) (holding that stays of discovery are "not disfavored and are often appropriate where the motion to dismiss can resolve the case").

Ford seeks dismissal based on alleged pleading defects in each of Rodriguez's claims. The ruling on any part of the motion to dismiss—some of which involve legal issues such as privity or a duty to disclose—has potential to dispose of certain claims brought by Rodriguez, making discovery unnecessary, or, at least narrowing its scope. *See Landstrom v. Illinois Dep't of Children & Family Servs.*, 892 F.2d 670, 674 (7th Cir. 1990) (affirming a stay on discovery pending a ruling on a motion to dismiss that "turn[ed] on what is essentially a legal issue"); *Lantz et al v. Am. Honda Motor Co., Inc.*, 2007 WL 1424614, at *3 (N.D. Ill. May 14, 2007) (noting that the court granted a stay of discovery during the pendency of a motion to dismiss where plaintiffs alleged breach of express and implied warranties and violations of California's unfair competition laws based on a manufacturing defect in Honda motorcycles). Ford has shown that a stay of discovery will simplify the issues going forward.

## III.     Burden of Discovery

Given the burden, time, and expense often associated with responding to discovery in a putative class action, courts regularly stay discovery pending a ruling

on a motion to dismiss. *See, e.g., Morrison v. YTB Int'l, Inc.*, 2010 WL 1931127, at *1 (S.D. Ill. May 13, 2010) (granting a motion to stay in a putative class action); *Thompson v. Ret. Plan for Emps. Of S.C. Johnson & Sons, Inc.*, 2008 WL 4964714 (E.D. Wis. Nov. 14, 2008) (same).

Ford expects Rodriguez will seek to discover far-reaching, company-wide information including business and design information in its requests for production. Rodriguez argues Ford's contention that discovery will be burdensome is "conjecture." R. 24 at 6. To the contrary, however, Rodriguez has stated an intention to seek discovery regarding "the design, materials, and workmanship of the allegedly defective trunk lid wiring harness, Ford's internal testing and validation procedures, consumer complaints, and warranty claims regarding the defect, and countermeasures and service programs undertaken by Ford in response to the alleged defect." R. 19 at 2. Undoubtedly, this undertaking would be expensive and time-consuming. The burden presented by discovery in this case weighs in favor of granting the stay. *See Welch et al v. Eli Lilly & Co.*, 2009 WL 700199, at *8 (S.D. Ind. Mar. 16, 2009) (finding "the company-wide discovery sought by plaintiffs to be precisely the type of discovery that the Supreme Court contemplated in [*Twombly*] as both costly and time consuming.").

A ruling in Ford's favor on the motion to dismiss—in whole or in part—could greatly affect the cost and scope of discovery taken. Granting the stay will reduce the burden on the parties until the Court rules on the motion to dismiss. Ford's motion to stay discovery, R. 20, is granted.

ENTERED:

_Thomas M Durkin_

DATE: March 9, 2022

Honorable Thomas M. Durkin
United States District Judge